## Myra S. Wolovick's Case.

No. 06-P-1591.

Suffolk. May 11, 2007. - July 6, 2007.

Present: Lenk, Doerfer, & Graham, JJ.

*Workers' Compensation Act,* Expert opinion. *Evidence,* Expert opinion, Scientific test. *Multiple Chemical Sensitivity.*

The Department of Industrial Accidents reviewing board properly affirmed an administrative law judge's denial of a claim for workers' compensation benefits pursuant to G. L. c. 152, § 34A, where the judge was justified in discounting as unreliable a physician's diagnosis of the claimant as having multiple chemical sensitivity. [524-525]

Appeal from a decision of the Industrial Accident Reviewing Board.

*Michael C. Akashian* for the employee.

*John A. Christopher,* Assistant City Solicitor, for the employer.

Doerfer, J. The employee appeals from the summary affirmance by the Department of Industrial Accidents reviewing board of an administrative law judge's (ALJ's) denial and dismissal of her claim for workers' compensation benefits pursuant to G. L. c. 152, § 34A. We affirm.

*Background.* The employee worked as a special needs teacher for the defendant city from 1978 to July, 2000. On January 25, 1996, she first noticed a chemical odor in her classroom, and experienced shortness of breath, fatigue, and a burning sensation on her skin. In October or November, 1996, she began treatment with Dr. Howard Hu, who diagnosed Multiple Chemical Sensitivity (MCS). More than a year after symptom onset, she took sick leave from work from February, 1997, through late April, 1997. She continued to work for three more years until June, 2000, but concluded that she could not return to teaching in September, 2000.

The employee received temporary total incapacity benefits under G. L. c. 152, § 34, but did not undergo any active medical treatment other than checkups. Prior to December, 2003, when § 34 benefits were exhausted, the employee had filed a claim for permanent total incapacity under G. L. c. 152, § 34A. Pursuant to G. L. c. 152, § 11A, an impartial physician, Dr. Barbara Scolnick, examined the employee, reporting a diagnosis of MCS. Dr. Scolnick also admitted that such a diagnosis was not recognized by the American Medical Association (AMA) or by the United States Centers for Disease Control and Prevention (CDC). The ALJ ruled that this report was inadequate to support the claim, because the MCS diagnosis could not legally support an award of ongoing benefits. As the parties were then authorized to submit additional expert medical testimony, the employee offered a report from her treating physician, Dr. Hu.

*Discussion.* The only evidence remaining in the record tending to support the employee's claim was the report submitted by Dr. Hu who opined that the employee's headaches and other symptoms were due to her sensitivity to volatile organic compounds to which she was initially exposed at her workplace. He did not describe his diagnosis in terms of MCS, stating that such a diagnosis was not recognized in the Massachusetts court system. It is clear, however, that his previous diagnosis of MCS had not changed, and that only the terms by which he described the diagnosis had changed.

The ALJ regarded the diagnosis of MCS as unreliable, based on the admission of Dr. Scolnick that such a diagnosis was not recognized by either the AMA or the CDC. This aspect of Dr. Scolnick's testimony fairly detracted from the evidence provided by Dr. Hu and was a sufficient basis upon which to reject Dr. Hu's opinion as to the nature of the employee's malady and its connection to her workplace. See *Narducci* v. *Contributory Retirement Appeal Bd.*, 68 Mass. App. Ct. 127, 137 (2007) (basis for rejecting uncontradicted expert opinion evidence must appear in record).

We note that we do not rely on the argument that, as a matter of law, a diagnosis of MCS cannot support a disability claim. In *Canavan's Case*, 432 Mass. 304, 310-312 (2000), the Supreme

Judicial Court announced that the admissibility of evidence of medical causation and the application of the principles set forth in *Commonwealth* v. *Lanigan*, 419 Mass. 15, 25-26 (1994), for the admission of scientific evidence would be reviewed on an abuse of discretion standard and not on the basis of a de novo determination. It is not appropriate for a court to rule that a given scientific theory is valid or invalid as a matter of law.

> "In reality, the validity of a scientific theory is not always certain. The process of constant scientific testing, over time, validates certain theories and discredits others. A decision by an appellate court that as a matter of law a certain scientific theory or method is reliable or unreliable may freeze perceptions concerning the evidentiary usefulness of the theory or method without accounting for the evolving state of scientific knowledge." *Canavan's Case, supra* at 311.

Here the ALJ regarded the diagnosis as unreliable and was justified in doing so by the other evidence in the case. There is no merit to the employee's argument that the ALJ was required to accept Dr. Hu's opinion. *Narducci* v. *Contributory Retirement Appeal Bd., supra* at 137.[1]

*Decision of the reviewing board affirmed.*

---

[1]We have considered other issues raised by the employee, and in light of our analysis, *supra*, we need not address such arguments further.